**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

EASTER _____ District of NEW YORK _____
                              (State)

Case number (*If known*): _____ Chapter __11__

2023 NOV 30  A II: 40

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   FRALEG QUINCY CORP

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   8  4  _  2  8  5  3  2  8  4

4. **Debtor's address**

   **Principal place of business**

   45 Main Street Suite 518
   Number       Street

   Brooklyn          NY    11201
   City              State  ZIP Code

   KINGS
   County

   **Mailing address, if different from principal place of business**

   Number       Street

   P.O. Box

   City              State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number       Street

   City              State   ZIP Code

5. **Debtor's website (URL)**

Debtor    FRALEG QUINCY CORP                                  Case number (if known) _____
        Name

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: 5313 _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

    5    3    1    3

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor  **FRALEG QUINCY CORP**                                    Case number (if known)_____
_____
Name

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No
☐ Yes.  District _____ When _____ Case number _____
                                    MM / DD / YYYY

                District _____ When _____ Case number _____
                                    MM / DD / YYYY

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No
☐ Yes.  Debtor _____ Relationship _____

                District _____ When _____

                                                                MM / DD / YYYY

                Case number, if known _____

**11.** **Why is the case filed in *this district*?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
                                        Number          Street

_____

_____
City                                                    State ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

                Contact name _____

                Phone _____

**Statistical and administrative information**

Debtor    FRALEG QUINCY CORP _____    Case number (if known)_____
          Name

---

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

### Request for Relief, Declaration, and Signatures

**WARNING —** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/30/2023
             MM  / DD / YYYY

✗ _____          Krishawn Sampson
Signature of authorized representative of debtor    Printed name

Title  Vice President _____

---

Debtor  FRALEG QUINCY CORP                              Case number (if known)_____
         Name

**18. Signature of attorney**  ✘ _____    Date _____
                                 Signature of attorney for debtor        MM / DD / YYYY

                                 _____
                                 Printed name

                                 _____
                                 Firm name

                                 _____
                                 Number      Street

                                 _____  _____
                                 City                              State      ZIP Code

                                 _____  _____
                                 Contact phone                    Email address

                                 _____  _____
                                 Bar number                       State

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

Chapter 11

☐ _____ X

Case No: _____


IN RE: FRALEG QUINCY CORP

Debtor


☐ _____ X

## VERIFICATION OF CREDITOR MATRIX / LIST OF CREDITORS

The undersigned Debtor hereby verifies that the Creditor Matrix/List of Creditors herein submitted herein is true and correct to the best of his or her knowledge.

Dated: November 30 th, 2023

FRALEG QUINCY CORP (Debtor)

By:    Krishawn Samoson
Title:  Vice  President

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

Chapter 11

□_____ X

Case No: _____

IN RE: FRALEG QUINCY CORP

Debtor

□_____ X

## LIST OF CREDITORS

1. WILMINGTON TRUST, N.A.

   C/O RESIDENTIAL ASSETS I,LLC

   350 PARK AVENUE, 20 FLOOR

   NEW YORK, NY 10022

CREDITOR MATRIX

1. WILMINGTON TRUST, N.A.
   C/O RESIDENTIAL ASSETS I,LLC
   350 PARK AVENUE, 20 FLOOR
   NEW YORK, NY 10022

2. KRISHAWN SAMPSON
   45 Main Street Suite 518
   Brooklyn NY 11201
   Title: VICE PRESIDENT

3. Andrew Alege
   45 Main Street Suite 518
   Brooklyn New York 11201
   Title: PRESIDENT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:                                          Case No.
                                                Chapter


                        Debtor(s)
---------------------------------------------------------x

## AFFIRMATION OF FILER(S)

All individuals filing a bankruptcy petition on behalf of a pro se debtor(s), must provide the following
information:

Name of Filer: _Krishawn Sampson_

Address: _45 Main St Suite 518, Brooklyn, N.Y._

Email Address: _Freleqquincy@gmail.com_

Phone Number: _(917) 375-7908_

Name of Debtor(s): _Freleg Quincy Corp._


CHECK THE APPROPRIATE RESPONSES:

ASSISTANCE PROVIDED TO DEBTOR(S):

___✓___ I PREPARED THE PETITION AND/OR ASSISTED WITH THE PAPERWORK BY DOING
THE FOLLOWING: _____
_____


_____ I DID NOT PROVIDE THE PAPERWORK OR ASSIST WITH COMPLETING THE FORMS.


FEE RECEIVED:

__X__ I WAS NOT PAID.


_____ I WAS PAID.

                Amount Paid: $ _____.


I/We hereby affirm the information above under the penalty of perjury.


Dated: _11/30/23._

                                    _____
                                    Filer's Signature

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK
### www.nyeb.uscourts.gov

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

**DEBTOR(S):**  FRALEG QUINCY CORP _____  **CASE NO.:** _____

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor (or any other petitioner) hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

**[NOTE:** Cases shall be deemed "Related Cases" for purposes E.D.N.Y LBR 1073-1 and E.D.N.Y LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

☑ **NO ORDER BARRING DEBTOR FROM FILING A PETITION UNDER ANY CHAPTER IS IN EFFECT.**

☑ **NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.**

☐ **THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:**

1. **CASE NO.:** _____  **JUDGE:** _____  **DISTRICT/DIVISION:** _____

    **CASE PENDING: (YES/NO):** _____  *[If closed]* **Date of Closing:** _____

    **CURRENT STATUS OF RELATED CASE:** _____
    **(Discharged/awaiting discharge, confirmed, dismissed, etc.)**

    **MANNER IN WHICH CASES ARE RELATED:** *(Refer to NOTE above):* _____

- **SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - <u>INDIVIDUAL</u>" PART 1 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES: _____

- **SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - <u>NON-INDIVIDUAL</u>" PART 9 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES: _____

2. **CASE NO.:** _____  **JUDGE:** _____  **DISTRICT/DIVISION:** _____

    **CASE PENDING: (YES/NO):** _____  *[If closed]* **Date of Closing:** _____

    **CURRENT STATUS OF RELATED CASE:** _____
    **(Discharged/awaiting discharge, confirmed, dismissed, etc.)**

    **MANNER IN WHICH CASES ARE RELATED:** *(Refer to NOTE above):* _____

- **SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - <u>INDIVIDUAL</u>" PART 1 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES: _____

- **SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - <u>NON-INDIVIDUAL</u>" PART 9 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES: _____

**[OVER]**

**DISCLOSURE OF RELATED CASES (cont'd)**

3. **CASE NO.:** _____ **JUDGE:** _____ **DISTRICT/DIVISION:** _____

   **CASE PENDING: (YES/NO):** _____ *[If closed]* **Date of Closing:** _____

   **CURRENT STATUS OF RELATED CASE:** _____
   (Discharged/awaiting discharge, confirmed, dismissed, etc.)

   **MANNER IN WHICH CASES ARE RELATED:** (*Refer to NOTE above*): _____

- **SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - <u>INDIVIDUAL</u>" PART 1 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF
  RELATED CASES: _____

- **SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - <u>NON-INDIVIDUAL</u>" PART 9 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF
  RELATED CASES:_____

**NOTE: Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.**

**TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:**

**I am admitted to practice in the Eastern District of New York (Y/N): _____**

**CERTIFICATION (to be signed by pro-se debtor/petitioner or debtor/petitioner's attorney, as applicable):**

**I certify under penalty of perjury that:**
  - **The within bankruptcy case is not related to any case pending, or pending within the last eight years, except as indicated on this form.**
  - **I, the above-named debtor, am currently not barred by any order of this court from filing for bankruptcy.**

_____          _____
**Signature of Debtor's Attorney**                        **Signature of Pro-se Debtor/Petitioner**

45 Main Street Suite 518
**Mailing Address of Debtor/Petitioner**

Brooklyn New York 11201
**City, State, Zip Code**

Fralegquincy@gmail.com
**Email Address**

_____
**Area Code and Telephone Number**

**Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the dismissal of the case with prejudice.**

**NOTE: Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise result.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

Chapter 11

☐ _____ X

Case No: _____

IN RE: FRALEG QUINCY CORP

Debtor

☐ _____ X

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO
## FEDERAL BANKRUPTCY RULES 1007 (a)(1)

I, Ronald Fraser, under penalty of perjury state as follows:

1.    I am the Vice President of the Debtor in the above captioned matter.

2.    There are no corporate entities that own directly or indirectly, 10% or more of any class of the Debtor's equity interests.

3.    I declare under penalty of perjury that I have read the foregoing statements and that they are true and accurate to the best of my knowledge, information and belief.

Dated: November 30 ,2023

_____
Krishawn Sampson
Vice President

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

□ _____ X

Chapter 11

Case No: _____

IN RE: FRALEG QUINCY  CORP

Debtor

□ _____ X

### CORPORATE DISCLOSURE STATEMENT
### PURSUANT TO E.D.N.Y LBR 1073-3

I, ANDY ALEGE, under penalty of perjury state as follows:

1.    I am the Vice President of the Debtor in the above captioned matter.

2.    There are no corporate entities that own, directly or indirectly, 10% or more of any class of the Debtor's equity interests.

3.    I declare under penalty of perjury that I have read the foregoing statements and that they are true and accurate to the best of my knowledge, information and belief.

Dated: November 30, 2023

Krishawn Sampson
Vice President
Fraleg Quincy Corp (Debtor)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
_____X

Chapter 11

IN RE: FRALEG QUINCY CORP

Case No: _____

Debtor
_____X

### CORPORATE RESOLUTION TO FILE CHAPTER 11

Whereas, it is in the best interest of the FRALEG QUINCY CORP., (the "Company") to file a voluntary petition in the United States Bankruptcy Court pursuant to chapter 11 of Title 11 of the United states Code;

Be it Therefore Resolved, that Krishawn Sampson, Vic-President of the company is authorized and directed to execute and deliver all documents necessary to complete the filing of a chapter 11 voluntary bankruptcy case on behalf of the Company; and

Be It Further Resolved, that Krishawn Sampson, Vic-President of the Company, is authorized and directed to appear in all bankruptcy proceedings on behalf of the Company, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Company in connection with such bankruptcy case; and

Dated: November 30, 2022

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
<tr><td>Debtor Name</td><td>FRALEG QUINCY CORP</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>EASTERN District of NEW YORK<br>(State)</td></tr>
<tr><td>Case number (<em>If known</em>):</td><td></td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/30/2023     ✗ _____
MM / DD / YYYY          Signature of individual signing on behalf of debtor

KRISHAWN SAMPSON
Printed name

Vic-President
Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name ___FRALEG QUINCY CORP___

United States Bankruptcy Court for the: ___EASTERN___ District of ___NEW YORK___
                                                              (State)

Case number (If known): _____

☐ Check if this is an
   amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
                                                                                    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 NONE | NONE | NONE | NONE | | | |
| 2 NONE | NONE | NONE | NONE | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |
| 8 | | | | | | |

Debtor    FRALEG QUINCY CORP
_____
          Name

Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |

**Fill in this information to identify the case:**

Debtor name   FRALEG QUINCY CORP

United States Bankruptcy Court for the: EASTERN _____ District of NEW YORK
                                                                    (State)

Case number (If known): _____

☐ Check if this is an
   amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:   Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.
   ☐ Yes. Fill in the information below.

   **All cash or cash equivalents owned or controlled by the debtor**

   Current value of debtor's interest

2. **Cash on hand**                                                                 $_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
   |---|---|---|---|
   | 3.1. _____ | _____ | ___ ___ ___ ___ | $_____ |
   | 3.2. _____ | _____ | ___ ___ ___ ___ | $_____ |

4. **Other cash equivalents** *(Identify all)*

   4.1. _____   $_____

   4.2. _____   $_____

5. **Total of Part 1**                                                              $_____

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

## Part 2:   Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☐ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

   Current value of debtor's interest

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1. _____   $_____

   7.2. _____   $_____

Debtor _FRALES QuiNcy Cori_

Case number (if known)_____

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1._____ $_____

   8.2._____ $_____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.          $_____

---

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☑ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

                                                          Current value of debtor's
                                                          interest

11. **Accounts receivable**

    11a. 90 days old or less: _____ – _____ = ......➡    $_____
                              face amount        doubtful or uncollectible accounts

    11b. Over 90 days old:    _____ – _____ = ......➡    $_____
                              face amount        doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.    $_____

---

## Part 4: Investments

13. **Does the debtor own any investments?**

    ☑ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

                                          Valuation method        Current value of debtor's
                                          used for current value   interest

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1._____ _____    $_____

    14.2._____ _____    $_____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                      % of ownership:

    15.1._____ _____%  _____    $_____

    15.2._____ _____%  _____    $_____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1._____ _____    $_____

    16.2._____ _____    $_____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.          $_____

---

Debtor  **FRALEG QUINCY CORP**
_____  Case number (*if known*)_____
        Name

---

| **Part 5:** | **Inventory, excluding agriculture assets** |

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |
| 20. **Work in progress** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |
| 21. **Finished goods, including goods held for resale** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |
| 22. **Other inventory or supplies** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$_____

24. **Is any of the property listed in Part 5 perishable?**
☐ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes. Book value _____  Valuation method_____  Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☐ No
☐ Yes

---

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☐ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| _____ | $_____ | _____ | $_____ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $_____ | _____ | $_____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $_____ | _____ | $_____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $_____ | _____ | $_____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $_____ | _____ | $_____ |

---

Debtor      **FRALEG QUINCY CORP**
_____     Case number (*if known*)_____
             Name

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.                                   $_____

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

| **Part 7:** | **Office furniture, fixtures, and equipment; and collectibles** |

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| _____ | $_____ | _____ | $_____ |
| 40. **Office fixtures** | | | |
| _____ | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| _____ | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.                                   $_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor    **FRALEG QUINCY CORP**

Name

Case number (if known)_____

---

| **Part 8:** | **Machinery, equipment, and vehicles** |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

❑ No. Go to Part 9.

❑ Yes. Fill in the information below.

| **General description**<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest**<br>(Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|

**47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |

**48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |

**49. Aircraft and accessories**

| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| _____ | $_____ | _____ | $_____ |

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$_____

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

❑ No

❑ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

❑ No

❑ Yes

---

Debtor **FRALEG QUINCY CORP**       Case number *(if known)* _____
    <sub>Name</sub>

---

## Part 9:   Real property

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 Multi- Family Residence | FEE | $ 2,000,000 | Appraisal Report | $ 2,200,000.00 |
| 55.2 173 QUINCY STREET | | $_____ | _____ | $_____ |
| 55.3 BROOKLYN NEW YORK 11216 | | $_____ | _____ | $_____ |
| 55.4 _____ | | $_____ | _____ | $_____ |
| 55.5 _____ | | $_____ | _____ | $_____ |
| 55.6 _____ | | $_____ | _____ | $_____ |

**56. Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ 2,200,000.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

## Part 10:   Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** <br> _____ | $_____ | _____ | $_____ |
| **61. Internet domain names and websites** <br> _____ | $_____ | _____ | $_____ |
| **62. Licenses, franchises, and royalties** <br> _____ | $_____ | _____ | $_____ |
| **63. Customer lists, mailing lists, or other compilations** <br> _____ | $_____ | _____ | $_____ |
| **64. Other intangibles, or intellectual property** <br> _____ | $_____ | _____ | $_____ |
| **65. Goodwill** <br> _____ | $_____ | _____ | $_____ |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$_____

Debtor    **FRALEG QUINCY CORP**                                    Case number *(if known)*_____
           Name

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 11:  All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

Description (include name of obligor)

_____    _____ – _____  => $_____
                                    Total face amount    doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____    Tax year _____    $_____
_____    Tax year _____    $_____
_____    Tax year _____    $_____

73. **Interests in insurance policies or annuities**

_____                          $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

_____                          $_____

Nature of claim    _____

Amount requested    $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____                          $_____

Nature of claim    _____

Amount requested    $_____

76. **Trusts, equitable or future interests in property**

_____                          $_____

77. **Other property of any kind not already listed**  *Examples:* Season tickets, country club membership

_____                           $_____

_____                           $_____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.                 $_____

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor  **FRALEG QUINCY CORP**
Name

Case number (*if known*)_____

---

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* ............................➤ | | $ 2,200,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column............... 91a. | $ 0.00 | + 91b. $ 2,200,000.00 |

92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92. ................................................................  $ 2,200,000.00

Fill in this information to identify the case:

Debtor name __FRALEG QUINCY CORP__

United States Bankruptcy Court for the: __EASTERN__ District of __NEW YORK__
(State)

Case number (If known): _____

☐ Check if this is an
amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property        12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☐ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

**Column A**
**Amount of claim**
Do not deduct the value of collateral.

**Column B**
**Value of collateral that supports this claim**

**2.1** **Creditor's name**
WILMINGTON TRUST, NA

**Creditor's mailing address**
350 PARK AVENUE
NEW YORK NY. 10022

**Creditor's email address, if known**
_____

**Date debt was incurred** 08/2019

**Last 4 digits of account number** __ __ __ __

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.
_____
_____

**Describe debtor's property that is subject to a lien**
173 QUINCY STREET
BROOKLYN NEW YORK 11216
REAL PROPERTY

**Describe the lien**
_____

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☐ Unliquidated
☐ Disputed

$ 1,650,000.00      $ 1,800,000.00

**2.2** **Creditor's name**
_____

**Creditor's mailing address**
_____
_____

**Creditor's email address, if known**
_____

**Date debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.
   _____
   ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**
_____
_____

**Describe the lien**
_____

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____      $_____

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**        $_____

| Debtor | FRALEG QUINCY CORP | Case number (if known) _____ |
|---|---|---|
| | Name | |

| Part 1: | Additional Page | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2.__**

**Creditor's name**

_____

**Creditor's mailing address**

_____
_____

**Creditor's email address, if known**

_____

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**

☐ No
☐ Yes. Have you already specified the relative priority?

  ☐ No. Specify each creditor, including this creditor, and its relative priority.

  _____
  _____
  _____

  ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

_____    $_____    $_____
_____
_____

**Describe the lien**

_____

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

**2.__**

**Creditor's name**

_____

**Creditor's mailing address**

_____
_____

**Creditor's email address, if known**

_____

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**

☐ No
☐ Yes. Have you already specified the relative priority?

  ☐ No. Specify each creditor, including this creditor, and its relative priority.

  _____
  _____
  _____

  ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

_____    $_____    $_____
_____
_____

**Describe the lien**

_____

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Debtor    FRALEG QUINCY CORP    Case number (if known)_____
          ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
          Name

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |

# STATE OF NEW YORK

# DEPARTMENT OF STATE

I hereby certify that the annexed copy has been compared with the original document in the custody of the Secretary of State and that the same is a true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on August 26, 2019.

Brendan C. Hughes
Executive Deputy Secretary of State

Rev. 06/13

N. Y. S. DEPARTMENT OF STATE
DIVISION OF CORPORATIONS AND STATE RECORDS          ALBANY, NY 12231-0001

FILING RECEIPT

================================================================================
ENTITY NAME: FRALEG QUINCY CORP.

DOCUMENT TYPE: INCORPORATION (DOM. BUSINESS)          COUNTY: KING

================================================================================
FILED:08/23/2019 DURATION:PERPETUAL   CASH#:190823000067 FILM #:190823000062
                                      DOS ID:5609378

        FILER:                                          EXIST DATE
        ------                                          ----------
        OMNI TITLE AGENCY                               08/23/2019
        6800 JERICHO TURNPIKE - SUITE 212E

        SYOSSET, NY 11791

        ADDRESS FOR PROCESS:
        --------------------
        THE CORPORATION
        198 SAINT JAMES PLACE
        BROOKLYN, NY 11238

        REGISTERED AGENT:
        -----------------



        STOCK:        200 NPV




    The corporation is required to file a Biennial Statement with the Department
    of State every two years pursuant to Business Corporation Law Section 408.
    Notification that the biennial statement is due will only be made via email.
    Please go to www.email.ebiennial.dos.ny.gov to provide an email address
    to receive an email notification when the Biennial Statement is due.


================================================================================
SERVICE COMPANY: DELANEY CORPORATE SERVICES LTD.      SERVICE CODE: 30 *


FEES        160.00                        PAYMENTS      160.00
        --------                                    --------
FILING      125.00              CASH                     0.00
TAX           0.00              CHECK                    0.00
CERT          0.00              CHARGE                   0.00
COPIES       10.00              DRAWDOWN               160.00
HANDLING     25.00                OPAL                   0.00
                                 REFUND                  0.00
================================================================================
                                          DOS-1025 (04/2007)

*190823000062*

# CERTIFICATE OF INCORPORATION

OF

**Fraleg Quincy Corp.**

## UNDER SECTION 402 OF THE BUSINESS CORPORATION LAW
## OF THE STATE OF NEW YORK

The undersigned, EACH being the age of eighteen years or over, for the purpose of forming a corporation pursuant to Section 402 of the Business Corporation Law of the State of New York do hereby certify:

FIRST:  The name of the corporation (hereinafter referred to as the "Corporation") shall be **Fraleg Quincy Corp.**

SECOND:  The purpose for which the Corporation is formed is to engage in any lawful act or activity for which a corporation may be organized under the Business Corporation Law; provided that the Corporation is not formed to engage in any act or activity which requires the consent or approval of any state official, department, board, agency or other body, without such consent or approval first being obtained.

THIRD:  The office of the Corporation shall be located in the County of Kings, State of New York.

FOURTH:  The aggregated number of shares which the Corporation shall have authority to issue is 200 shares each without par value.

FIFTH:  The Secretary of State is designated as the agent of the Corporation upon whom process against the Corporation may be served.  The post office address to which the Secretary of State shall mail a copy of any process against the Corporation served upon him is: 198 Saint James Place, Brooklyn, New York 11238.

062

CERTIFICATE OF INCORPORATION

OF

**Fraleg Quincy Corp.**

UNDER SECTION 402 OF THE BUSINESS CORPORATION LAW
OF THE STATE OF NEW YORK

# DRAWDOWN – DELANEY - 30

*ICC*

STATE OF NEW YORK
DEPARTMENT OF STATE

FILED   AUG 2 3 2019

TAX $

BY:

**FILED BY:**

Omni Title Agency
6800 Jericho Turnpike - Suite 212E
Syosset, NY 11791

2019 AUG 23 AM 11: 29

RECEIVED
2019 AUG 22

067

## FRALEG QUINCY CORP.

## BY-LAWS

## ARTICLE I

### OFFICES

Section 1. The office of the corporation shall be located in the County of New York, State of New York.

Section 2. The corporation may also have offices at such other places both within and without the State of New York as the board of directors may from time to time determine or the business of the corporation may require.

## ARTICLE II

### ANNUAL MEETINGS OF SHAREHOLDERS

Section 1. Annual Meetings. Annual meetings of shareholders for the election of directors and for such other business as may properly come before the meeting shall be held at such place, either within or without the State of New York, and at such time and date within thirteen months after the preceding annual meeting, as the president, or the board of directors shall determine.

Section 2. Special Meetings. Special meetings of shareholders for any purpose or purposes may be held at such time and place, within or without the State of New York, as shall be stated in the notice of the meeting. Special meetings of shareholders may be called by the president or secretary or by resolution of the board of directors and must be called upon receipt by any of them of the written request of the holders of twenty-five percent of the stock then outstanding and entitled to vote.

Section 3. Voting. Each shareholder shall be entitled to one vote, in person or by proxy, for each share of stock entitled to vote held by such shareholder, but no proxy shall be voted more than three years after its date unless such proxy provides for a longer period. Upon the demand of any shareholder, the vote for directors and the vote upon any question before the meeting shall be by ballot. All elections for directors shall be decided by plurality vote and all other questions shall be decided by majority vote except as may be otherwise provided by the certificate of incorporation or by the Business Corporation Law of the State of New York.

Section 4. Quorum. At any meeting of the shareholders, the holders of a majority of the shares of stock then entitled to vote shall constitute a quorum for all purposes, except as otherwise provided by law, the certificate of incorporation or these by-laws.

Section 5. Notice of Meeting. Written notice, stating the place, date and time of the meeting and, in the case of a special meeting, the purpose or purposes for which it is called, shall be given to each stockholder entitled to vote thereat at his address as it appears on the records of the Corporation, not less than ten nor more than fifty days before the date of the meeting. No business other than that stated in the notice shall be transacted at any meeting without the unanimous consent of all the shareholders of all of the outstanding shares of the Corporation entitled to vote thereat.

Section 6. Adjourned Meetings. Any meeting of shareholders may be adjourned to a time and place designated by a vote of a majority in interest of the shareholders present in person or by proxy and entitled to vote, even though less than a quorum is so present. No notice of such an adjourned meeting need be given, other than by announcement at the meeting, and any business may be transacted which might have been transacted at the meeting as originally called.

Section 7. Shareholder Action Without Meeting. Any action required by the Business Corporation Law of the State of New York to be taken at any annual or special meeting of shareholders, or any action which may be taken at any annual or special meeting of shareholders, may be taken without a meeting, without prior notice and without a vote, if a consent in writing, setting forth the action so taken, shall be signed by the holders of all outstanding shares entitled to vote thereon.

## ARTICLE III

## DIRECTORS

Section 1. Number and Term; Qualifications. The number of directors which shall constitute the whole board of directors shall be not less than one nor more than nine as fixed from time to time by resolution of the board of directors or by the shareholders at an annual or special meeting; provided, that no decrease in the number of directors shall shorten the term of any incumbent director, provided however, that for so long as there will be fewer than three (3) shareholders of the corporation, the number of directors shall be limited to one (1). The directors shall be elected at the annual meeting of the shareholders, except that any vacancy may be filled as provided in Section 3 of this Article III of these by-laws. Each director shall hold office for a term expiring at the annual meeting of shareholders next succeeding his election or until his successor is elected and has qualified or until his earlier resignation, removal or other vacation of office. A director need not be a shareholder, a citizen of the United States or a resident of the State of New York.

Section 2. Resignations. Any director or member of a committee may resign at any time upon written notice to the Corporation. Such resignation shall be made in writing and shall take effect at the time specified therein or, if no time is specified, at the time of its receipt by the president or secretary. The acceptance of a resignation shall not be necessary to make it effective.

Section 3. Vacancies. If the office of any director or member of a committee becomes vacant, or if any new directorship is created by an increase in the number of directors, the remaining directors in office, though less than a quorum, by a majority vote, or the sole remaining director may appoint any qualified person to fill such vacancy, and such person shall hold office for the unexpired term and until his successor is elected and has qualified or until his earlier resignation, removal or other vacation of office.

Section 4. Removal. Any director may be removed either for or without cause at any time by the affirmative vote of the holders of a majority of the shares of stock outstanding and entitled to vote at a special meeting of the shareholders called for that purpose, and the vacancies thus created may be filled, at the meeting held for the purpose of removal or at any subsequent meeting of shareholders, by a majority vote of the shareholders entitled to vote and present or represented at such meeting.

Section 5. Powers. The board of directors shall exercise all of the powers of the Corporation except such as are by law, by the certificate of incorporation or by these by-laws conferred upon or reserved to the shareholders.

Section 6. Committees. The board of directors may, by resolution or resolutions adopted by a majority of the shareholders of the whole board of directors, designate one or more committees, each committee to consist of two or more of the directors of the Corporation. The board may designate one or more directors as alternate shareholders of any committee, who may replace any absent or disqualified member at any meeting of the committee. Any such committee, to the extent provided in the resolution, shall have and may exercise the powers of the board of directors in the management of the business and affairs of the Corporation. In the absence or disqualification of any member of such committee or committees, the member or shareholders thereof present at any meeting and not disqualified from voting, whether or not he or they constitute a quorum, may unanimously appoint another member of the board of directors to act at the meeting in the place of any such absent or disqualified member.

Section 7. Meetings.

(a) Annual Meetings. The directors elected at each annual meeting of shareholders shall hold their first meeting immediately thereafter, if a quorum be present, or as soon as conveniently possible at a time and place fixed by notice of meeting or by consent in writing of all the directors.
(b) Regular Meetings. Regular meetings of the board of directors may be held without notice at such places and times as shall from time to time be fixed in advance by resolution of the board of directors.
(c) Special Meetings. Special meetings of the board of directors may be called by the president and, at the written request of any director, by the secretary, and shall be held at such time and place as may be determined by the board of directors, or as shall be stated in the notice of the meeting.

Section 8. Quorum. Unless there is a board of one director, one-third of the total number of directors (but in no case fewer than two directors) shall constitute a quorum for the transaction of business. If at any meeting of the board of directors less than a quorum shall be present, a majority of those present may adjourn the meeting from time to time until a quorum is obtained, and no further notice thereof need be given other than by announcement at the meeting which shall be so adjourned.

Section 9. Voting. The vote of a majority of the directors present at any meeting at which a quorum is present, and the vote of a majority of the entire membership of a committee of the board of directors shall be the act of such board of such committee, except as may be otherwise specifically provided by statute or by these by-laws. Shareholders of the board of directors or of any committee thereof may participate in a meeting of such board or committee by means of conference telephone or similar communications equipment whereby all participants can hear each other, such participation constituting presence in person at such meeting.

Section 10. Compensation. Directors shall not receive any stated salary for their services as directors or as members of committees, but by resolution of the board of directors a fixed fee and expenses of attendance may be allowed for attendance at each meeting. Nothing herein contained shall be construed to preclude any director from serving the Corporation in any other capacity as an officer, agent or otherwise, and receiving compensation therefor.

Section 11. Action Without Meeting. Any action required or permitted to be taken at any meeting of the board of directors or of any committee thereof may be taken without a meeting if all members of the board or committee, as the case may be, consent in writing to the adoption of a resolution authorizing the action, and the writing or writings are filed with the minutes of proceedings of the board or committee.

## ARTICLE IV

## OFFICERS

Section 1. Officers. The officers of the Corporation shall be a president, treasurer and a secretary, which positions may all be held by the same person. In addition, the board of directors may elect a chairman of the board of directors, a treasurer, one or more executive vice presidents and one or more other vice presidents. None of the officers need be a director. Officers shall be elected at the first meeting of the board of directors after each annual meeting of shareholders and shall hold office until their successors are elected and qualified or until earlier resignation or removal. Any officer may (subject to contractual commitments with the Corporation) resign at any time upon written notice to the Corporation, and vacancies shall be filled by election at the next meeting of the board of directors. Any officer may be removed from office with or without cause at any time by the board of directors (but without prejudice to the contractual rights, if any, of such officer with the Corporation).

Section 2. Other Officers and Agents. The board of directors may elect or may delegate to the president authority to appoint one or more assistant vice presidents, assistant treasurers, assistant secretaries and such other officers and agents as may be advisable, who shall hold their offices for such terms and shall exercise such powers and perform such duties as shall be determined from time to time by the board of directors, or by the president in the cases in which he shall have made the appointment.

Section 3. Chairman. The chairman of the board of directors, if one is elected, shall preside at all meetings of the board of directors at which he is present and shall have such powers and shall have and perform such other duties as from time to time may be assigned to him by the board of directors and as further provided in Section 4 of this Article IV of these by-laws.

Section 4. President. The president shall be the chief executive officer of the Corporation, unless a chairman of the board is elected as chief executive officer, in which case the president shall be the chief operating officer of the Corporation. The president, and the chairman of the board, if one is elected, shall have the general powers and duties of supervision and management vested in the office of president of a corporation. The president shall preside at all meetings of shareholders at which he is present, unless a chairman of the board is elected and is present, in which case the chairman shall preside at such meetings. The president shall have general supervision, direction and control of the business of the Corporation, unless a chairman of the board is elected, in which case the chairman shall have such general supervision, direction and control in lieu of the president, and the president shall have supervision, direction and control over the day-to-day affairs of the Corporation, unless otherwise provided by the board of directors. Subject to such limitations as the board of directors shall authorize the execution thereof in some other manner may adopt by resolution, the president, and the chairman of the board, if one is elected, shall have the power to singly execute bonds, mortgages and other deliver contracts on behalf of the Corporation.

Section 5. Vice President. Each vice president shall have such powers and shall have and perform such duties as from time to time may be assigned to him by the board of directors.

Section 6. Treasurer. The treasurer shall have the custody of the corporate funds and securities and shall keep full and accurate account of receipts and disbursements in books belonging to the Corporation. He shall deposit all money and other valuables in the name and to the credit of the Corporation in such depositaries as may be designated by the board of directors. The treasurer shall disburse the funds of the Corporation as may be ordered by the board of directors or by the president, taking proper vouchers for such disbursements. He shall render to the president and board of directors at the regular meetings of the board of directors, or whenever requested, an account of all his transactions as treasurer and of the financial condition of the Corporation.
If required by the board of directors, he shall give the Corporation a bond for the faithful discharge of his duties in such amount and with such surety as the board of directors shall prescribe.

Section 7. Secretary. The secretary shall give, or cause to be given, notice of all meetings of shareholders and directors, and all other notices required by law or by these by-laws, and in case of his absence or refusal or neglect so to do, any such notice may be given by any person thereunto directed by the president, or by the directors, or by the shareholders, upon whose requisition the meeting is called as provided in these by-laws. He shall record all the proceedings of the meetings of the Corporation and of the board of directors in a book to be kept for that purpose, and shall perform such other duties as may be assigned to him by the board of directors or by the president.

## ARTICLE V

## CAPITAL STOCK

Section 1. Certificates of Stock. Certificates of capital stock, numbered and signed by the chairman of the board of directors, the president or a vice president, and by the treasurer, an assistant treasurer, the secretary or an assistant secretary, shall be issued to each shareholder certifying the number of shares of the Corporation's capital stock owned by him. When such certificates are countersigned by a transfer agent other than the Corporation or its employee, or by a registrar other than the Corporation or its employee, the signatures of such officers may be facsimiles.

Section 2. Lost Certificates. A new certificate of stock may be issued in the place of any certificate theretofore issued by the Corporation, and alleged to have been lost or destroyed, and the directors may, in their discretion, require the owner of any lost or destroyed certificate, or his legal representatives, to give the Corporation a bond, in such sum as they may direct, to indemnify the Corporation against any claim that may be made against it on account of the alleged loss or destruction of such certificate, or the issuance of any such new certificate.

Section 3. Transfer of Shares. The shares of stock of the Corporation shall be transferable only upon its books by the holders thereof in person or by their duly authorized attorneys or legal representatives, and upon such transfer the old certificates shall be surrendered to the Corporation by the delivery thereof to the person in charge of the stock transfer books and ledgers, or to such other person as the board of directors may designate, by whom they shall be cancelled, and new certificates shall thereupon be issued. A record shall be made of each transfer and whenever a transfer shall be made for collateral security, and not absolutely, it shall be so expressed in the entry of the transfer.

Section 4. Record Date. In order that the Corporation may determine the shareholders entitled to notice of or to vote at any meeting of shareholders or any adjournment thereof, or entitled to express consent to corporate action in writing without a meeting, or entitled to receive payment of any dividend or other distribution or allotment of any rights, or entitled to exercise any rights in respect of any change, conversion or exchange of stock or for the purpose of any other lawful action, the board of directors may fix, in advance, a record date, which shall not be more than fifty nor fewer than ten days before the date of

such meeting, nor more than fifty days before any other action. A determination of shareholders of record entitled to notice of or to vote at a meeting of shareholders shall apply to any adjournment of the meeting; provided, however, that the board of directors may fix a new record date for the adjourned meeting.

Section 5. Dividends. Subject to the provisions of the certificate of incorporation, the board of directors may, out of funds legally available therefor at any regular or special meeting, declare dividends upon the capital stock of the Corporation as and when they deem expedient. Before declaring any dividend there may be set apart out of any funds of the Corporation available for dividends such sum or sums as the board of directors from time to time in its discretion may deem proper for working capital or as a reserve fund to meet contingencies or for equalizing dividends or for such other purposes as the board of directors shall deem conducive to the interests of the Corporation.

## ARTICLE VI

### GENERAL

Section 1. Fiscal Year. The fiscal year of the Corporation shall be fixed by resolution of the Board of Directors.

Section 2. Checks. Checks, notes, drafts, bills of exchange and orders for the payment of money shall be signed or endorsed in such manner as shall be determined by the Board of Directors.

Section 3. Notice and Waiver of Notice. Any notice required to be given under these by-laws may be waived by the person entitled thereto by a signed writing, telegram, facsimile transmission or cable, and the presence of any person at a meeting shall constitute waiver of notice thereof as to such person.

Whenever any notice is required by these by-laws to be given, personal notice is not meant unless expressly so stated, and any notice so required shall be deemed to be sufficient if given by depositing it in a post office or post box in a sealed postpaid wrapper, addressed to the shareholder, officer or director entitled thereto, at such address for such person as it appears on the records of the Corporation, and such notice shall be deemed to have been given on the day of such deposit.

## ARTICLE VII

Section 1. Anything in this Agreement to the contrary notwithstanding, (i) the Bankruptcy of a Shareholder shall not cause a Shareholder to cease to be a Shareholder and upon the occurrence of such event, or upon the withdrawal of any Shareholder or the occurrence of any event that causes a Shareholder to cease to be a Shareholder, the Company shall continue without dissolution; and (ii) each Shareholder waives the right to have the Company dissolve on the Bankruptcy of another Shareholder, or on the withdrawal of

another Shareholder or the occurrence of an event that causes another Shareholder to cease to be a Shareholder.

Section 2.    Anything in this Agreement to the contrary notwithstanding, upon the occurrence of any event that causes the last remaining Shareholder to cease to be a Shareholder, to the fullest extent permitted by applicable law, the personal representative of such Shareholder is hereby authorized to, and shall, within ninety (90) days after the occurrence of the event that terminated the continued membership of such Shareholder, agree in writing (i) to continue the Company and (ii) to the admission of the personal representative or its nominee or designee, as the case may be, as a substitute Shareholder, effective as of the occurrence of the date of the event that terminated the continued membership of the last remaining Shareholder.

## **AMENDMENTS**

These by-laws may be altered or repealed and by-laws may be made at any annual meeting of shareholders, or at any special meeting thereof if notice of the proposed alteration or repeal or of the by-laws to be made is contained in the notice of such special meeting, by the affirmative vote of the holders of a majority of the stock issued and outstanding and entitled to vote thereat, or by the affirmative vote of a majority of the board of directors at any regular meeting of the board of directors, or at any special meeting of the board of directors if notice of the proposed alteration or repeal or of the by-laws to be made is contained in the notice of such special meeting; provided, that notice of any by-law regulating an impending election of directors adopted, amended or repealed by the board of directors shall be given to the shareholders as provided in the Business Corporation Law of the State of New York.

Dated: August, 2019

# EXHIBIT A
## SHAREHOLDERS

| NAME | ADDRESS | TOTAL REQUIRED CAPITAL CONTRIBUTION | MEMBERSHIP INTEREST |
|---|---|---|---|
| Krishawn Sampson | 45 Main St Suite 518 Brooklyn New York 11201 | $ | 50% |
| Andrew Alege | 45 Main St Suite 518 Brooklyn New York. 11201 | | 50% |
| TOTAL | | | 100% |

 **IRS** DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
CINCINNATI  OH  45999-0023

Date of this notice:  08-23-2019

Employer Identification Number:
84-2853284

Form:  SS-4

Number of this notice:  CP 575 G

FRALEG QUINCY CORP.
249 ST MARKS AVE
FREEPORT, NY  11520

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB AT THE END OF THIS NOTICE.

WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN).  We assigned you
EIN 84-2853285.  This EIN will identify you, your business accounts, tax returns, and
documents, even if you have no employees.  Please keep this notice in your permanent
records.

When filing tax documents, payments, and related correspondence, it is very important
that you use your EIN and complete name and address exactly as shown above.  Any variation
may cause a delay in processing, result in incorrect information in your account, or even
cause you to be assigned more than one EIN.  If the information is not correct as shown
above, please make the correction using the attached tear off stub and return it to us.

A limited liability company (LLC) may file Form 8832, *Entity Classification Election*,
and elect to be classified as an association taxable as a corporation.  If the LLC is
eligible to be treated as a corporation that meets certain tests and it will be electing S
corporation status, it must timely file Form 2553, *Election by a Small Business
Corporation*.  The LLC will be treated as a corporation as of the effective date of the S
corporation election and does not need to file Form 8832.

To obtain tax forms and publications, including those referenced in this notice,
visit our Web site at www.irs.gov.  If you do not have access to the Internet, call
1-800-829-3676 (TTY/TDD 1-800-829-4059) or visit your local IRS office.

**IMPORTANT REMINDERS:**

*   Keep a copy of this notice in your permanent records.  **This notice is issued only
    one time and the IRS will not be able to generate a duplicate copy for you.**  You
    may give a copy of this document to anyone asking for proof of your EIN.

*   Use this EIN and your name exactly as they appear at the top of this notice on all
    your federal tax forms.

*   Refer to this EIN on your tax-related correspondence and documents.

If you have questions about your EIN, you can call us at the phone number or write to
us at the address shown at the top of this notice.  If you write, please tear off the stub
at the bottom of this notice and send it along with your letter.  If you do not need to
write us, do not complete and return the stub.

Your name control associated with this EIN is LEGF.  You will need to provide this
information, along with your EIN, if you file your returns electronically.

Thank you for your cooperation.

(IRS USE ONLY)    575G                03-01-2019  LEGF  O  9999999999  SS-4

Keep this part for your records.        CP 575 G (Rev. 7-2007)

--------------------------------------------------------------------------------

Return this part with any correspondence
so we may identify your account.  Please                    CP 575 G
correct any errors in your name or address.
                                                    9999999999

Your Telephone Number  Best Time to Call  DATE OF THIS NOTICE:  08-23-2019
(    )      -                              EMPLOYER IDENTIFICATION NUMBER:  84-2853284
_____    _____        FORM:  SS-4                NOBOD

INTERNAL REVENUE SERVICE                   FRALEG QUINCY CORP.
CINCINNATI  OH   45999-0023                ANDY ALEGE
իլ. իլիիլիսիլիիիիվիիիլիի               249 ST MARKS AVE
                                           FREEPORT, NY  11520